IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

**FILED**

**January 18, 2024**

KAREN MITCHELL
CLERK, U.S. DISTRICT
COURT

DANIEL D. DILLARD,
    Plaintiff,

V.

LORIE DAVIS, et al.,
    defendants.

§
§
§   Civil Action No. 7:19-cv-81-M
§   Case No. 22-10791
§
§
§

---

PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING
ORDER

---

Pursuant to Federal Rule of Civil Procedures 65(b), Plaintiff

moves this Court for a Temporary Restraining Order and

Preliminary Injunction for the reasons set forth below.

1. Plaintiff has a great likelihood of success on

the merits because Prison Officials (defendants') have a

legal duty to refrain from using excessive ~~too~~ force

and to provide adequate safety. Farmer v. Brennan, 511

U.S. 825, 833 (1994); Hudson v. McMillian, 503 U.S. 1 (1992);

Wilkins v. Gaddy, 559 U.S. 34 (2010).

2. There is a substantial threat of irreparable harm if the TRO/injunction is not granted. See Attached Memorandum of Law and Declaration.

3. Plaintiff is enduring continuous and repeated retaliatory acts from defendants' and/or their agents. The defendants' will suffer NO harm/injury from putting a stop to these retaliatory acts. See Memorandum of Law.

4. It is always in the public interest for governmental officials, including prison personnel, to obey the Constitution and the law. Protection of Constitutional rights is a compelling public interest.

WHEREFORE, Plaintiff requests that upon consideration of this motion, this court order defendants', their successors, agents, employees and all persons acting in concert with them to provide Dillard with medical

evaluation for his left eye and provide an up-to-date treatment plan, provide plaintiff with adequate safety from defendants' agents (Sergeants Oluyemi Akinode, Daniel B. Manyango, Obadina S. Omoaka, Jonnie D. Rutledge, Lieutenant Daniel A. Lakin and Captain Erik L. Brannan), provide Dillard with a basis/justification for continuing his current housing, replacing Dillard's typewriter used for this litigation, and release Plaintiff to General Population status 2 pending the outcome of this litigation.

January 11th, 2024

Respectfully submitted,

X Daniel D. Dillard

Pro Se Plaintiff-Appellee
Daniel D. Dillard #01400285
Mark W. Michael Prison
2664 F.M. 2054
Tennessee Colony, Texas 75886

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

DANIEL D. DILLARD,                §
        Plaintiff,                §
                                  §
V.                                §  Civil Action No. 7:19-cv-81-M
                                  §  Case No. 22-10791
                                  §
LORIE DAVIS, et al.,              §
        defendants.               §

---

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING
ORDER

---

## Statement of the Case

This is a civil rights action brought under 42 U.S.C.
§ 1983 by a Texas prisoner who has been subjected
to continuous and repeated retaliatory acts by
the defendants and/or successors, agents and
employees and who is presently being denied
appropriate medical care and safety. The Plaintiff
seeks a temporary restraining order and preliminary

insunction to ensure that he received proper medical
care and adequate safety.

## Statement of Facts

As stated in the declaration submitted with this
motion, the Plaintiff was assaulted by prison staff
in retaliation to his mast recent administrative
grievance activities. (Dec. at §§     ). During the assault,
Plaintiffs' left eye was gouged, his genitals were manhandled,
and he was punched/kicked repeatedly while he was on
floor unresistent. (Dec. at §§     ). The defendants'
agents refused Plaintiff immediate medical for his eye,
this denial resulted in a significant degrade in his
vision. (Dec. at §§     ). The defendants' did not provide
him with treatment or with a consultation with a
physican qualified to assess and treat his conditions
(Dec. §§     ). Plaintiff is experiencing continued pain,
stiffness, and severely limited sight in his left eye

and cannot see properly. (Dec. at §§      ). The defendants'

and/or their agents have a legal duty to refrain from

using excessive force. (Dec. at §§      ). The defendants'

agents have already informed Plaintiff that this is

NOT a grievable issue. (Dec. at §§      ). Plaintiff has

NO adequate remedy.

## ARGUMENT

### Point 1

## THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

In determining whether a party is entitled to a
temporary restraining order or a preliminary injunction,
courts generally consider several factors: whether the
party will suffer irreparable injury, the "balance of
hardships" between the parties, the likelihood of success
on the merits, and public interest. Each of these factors
favor the grant of this motion.

## A. The Plaintiff is Threatened with Irreparable Harm

The Plaintiff alleges that he has been denied care for a serious medical need contrary to TDCJs Use of Force Plan and is currently being housed arbitrarily under deplorable conditions. Such conduct by prison officials is a clear violation of the Eighth and Fourteenth Amendments. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Hudson v. McMillian, 503 U.S. 1 (1992).

"Excessive Force" by prison guards is cruel and unusual punishment. "Excessive Force" is any physical contact by a guard that is meant to cause harm rather than keep order. Brown v. Lippard, 472 F.3d 384 (5th Cir. 2006) Plaintiff was sexually assaulted, a guard on the team shoved his finger into the Plaintiffs anus outside the context of an approved body cavity search.

These retaliatory acts have been repeated over a 5 and ½ (five and one half) years. As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. Elrod v. Burns, 427 U.S. 347,

4

373 (1976); Calhoun v. Hargone, 312 F.3d 730 (5th Cir. 2002).

Harm is irreparable "if it cannot be undone through monetary remedies." Dennis Melancon Inc. V. City of New Orleans, 703 F.3d 262, 279 (5th Cir. 2012). The significant degrade in Plaintiffs' vision cannot be undone by monetary remedies. The "Elrod v. Burns" principle has been applied in prison litigation. Turner v. Collier, 2022 U.S. Dist. LEXIS 179663

In addition, the Plaintiff is threatened with irreparable harm because of the nature of his injury, a gouged eye with a significant degrade in his vision and function, and continuous retaliatory acts to impede the instant litigation. If he does not receive proper treatment and adequate safety, he may never regain his vision and more than likely will suffer further intimidation in connection with this litigation.

B. The Balance of Hardships Favors Plaintiff.

5

In deciding whether to grant TRO's and Preliminary injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. see e.g., Mitchell v. Cuomo, 748 F.2d 804, 808 (2nd Cir. 1984); Mi Familia Vota v. Abbott, 497 F.Supp.3d 195 (5th Cir. 2020); Tex. Democratic Party v. Abbott, 461 F.Supp.3d 406 (5th Cir. 2020); Murillo v. Musegades, 809 F. Supp 481 (5th Cir. 1992).

In this case, the present suffering of the Plaintiff and his potential suffering if he permanently loses the normal use of his left eye and sight are enormous. The "sufferings" the defendants' will experience if the court grants the order will consist of taking the Plaintiff to the Prisons medical department and providing adequate safety and release to general population — something that the defendants' do, and

6

are obligated to do, for members of the prison population on a daily basis. The defendants' hardship amounts to no more than business as usual.

## C. The Plaintiff is Likely to Succeed on the Merits.

The Plaintiff has a great likelihood of success on the merits. Since October 8th, 2018 defendants' and/or their agents have trampled upon Plaintiffs' First, Eighth and Fourteenth Amendment rights. Most recently on November 9th, 2023, the defendants' agents severely escalated their retaliatory acts to a full blown unprovoked attack on the Plaintiffs' person. The assault resulted in the Plaintiffs' eye being goused and a significant degrade in his vision, one of the assaultant sexually assaulted Dillard by sticking their finger in his anal cavity and squeezing his genitals. Since the assault Dillard has been denied medical attention for injuries. On the same day, defendants' destroyed Plaintiff

7

typewriter that Plaintiff was using for this litigation.

Plaintiff has requested to consult the medical

department but was denied. (see Exhibits in Declaration).

In a very important Supreme Court case called <u>Hudson v.</u>

<u>McMillian, 503 U.S. 1 (1992)</u>, the Court found a violation

of the Eighth Amendment when prison officials punched

and Kicked a prisoner, leaving him with minor bruises,

swelling of his face and mouth, and loose teeth. Wilkins

v. Gaddy, 559 U.S. 34 (2010); Jones v. TDCJ, 880 F.3d 756

(5th Cir. 2018). In doing so, defendants' have acted with

deliberate indifference to substantial risks of serious

harm, in violation of Plaintiffs' rights under the

Eighth Amendment. Taking the Plaintiffs' allegations

as true, he has shown a sufficient likelihood of

success on the merits.

## D. The Relief Sought Will Serve the Public Interest.

The public interest will not be disserved by a grant of

this motion. To the contrary, the public interest will be well served by protecting the constitutional rights of all its citizens.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion in its entirety.

January 11, 2024

Respectfully submitted,

X Daniel D. Dillard

Pro Se Plaintiff-Appellee
Daniel D. Dillard #01400285
Mark W. Michael Prison
2664 F.M. 2054
Tennessee Colony, Texas 75886

## CERTIFICATE OF SERVICE

I, Daniel D. Dillard, Plaintiff, do hereby declare that a true and correct copy of the foregoing is being placed in the prison mailbox, indigent mail, on January 11, 2024, addressed to:

Christopher Lee Lindsey

9

Assistant Attorney General
P.O. Box 12548, Capitol station
Austin, Texas  78711

X   Daniel D. Dillard
     Pro Se  Plaintiff-Appellee
     Daniel D. Dillard #D1400285
     January 11, 2024

10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DANIEL D. DILLARD, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 7:19-cv-81-M |
| | § | Case No. 22-10791 |
| LORIE DAVIS, et al., | § | |
| defendants. | § | |

ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING
ORDER — CIVIL ACTION NO. 7:19-cv-081-M

Upon the complaint, the supporting declarations of Plaintiff,
the supporting declaration of James A. Jackson, the
supporting declaration of Riedie J. Jackson, and the
supporting Exhibits, and the memorandum of law submitted
herewith, it is:

ORDERED that defendant Bobby Lumpkin and/or his agents
show cause in room _____ of the United States Courthouse,
501 West Tenth St., Room 310, Fort Worth, Texas 75886, on
the _____ day of _____, 2023, at _____ o'clock,
why a temporary restraining order / preliminary injunction

should not issue Pursuant to Rule 65(a) of the Federal

Rules of Civil Procedure enjoining the defendants, their

successors in office, agents and employees and all other

Persons acting in concert and Participation with them,

from housing Daniel D. Dillard #01400285 under the

Restrictive Housing Plan and/or TDCJs Michael Prison  SOS policy

and/or under any of the conditions set out in Plaintiff's

complaint or Declaration in Support of this motion.

IT IS FURTHER ORDERED that effective immediately

and pending the hearing and determination of this

order to show cause, defendant Bobby Lumpkin and

Veronica B. Lilly (automatically substituted under Fed.

R. Civ. P. 25) and each of their officers, agents,

employers, and all persons acting in concert or

Participation with them, are restrained / enjoined

from implementing and enforcing the S.O.S. Policy,

from housing Dillard in RH pending the disposition

of this case, and from depriving Dillard of his

Personal Property specifically his legal work and books.

_____

United States District Judge

January _____, 2023

3

January 11, 2024

Karen Mitchell
Office of the Clerk
United States District Court
Northern District of Texas
501 West Tenth st., Room 310
Fort Worth, Texas 76102

**FILED**

**January 18, 2024**

KAREN MITCHELL
CLERK, U.S. DISTRICT
COURT

Re: Dillard v. Davis, civil action No.
        7:19-cv-00081-M
            TRO

Dear Karen Mitchell:

Happy New Year!
Please find enclosed Plaintiffs' Motion For A
TRO/Preliminary Injunction.

Please be advised that there are two
seperate envelopes because of the size of this
motion this is 1 of 2. 2 of 2 contains
Plaintiffs' Declaration In Support and the corresponding
Exhibits (A-J).

Thank you for your attention to this matter.
                                    God Bless!

Respectfully submitted,
X Daniel D. Dillard
    Daniel D. Dillard

                            Sorry about the
                            state of these
                            documents. All I
                            have.

Daniel D. Dillard #01420228S
Mark W. Michael Prison
2664 F.M.
Tennessee Colony Texas 75886

LEGAL Mail
Legal MAIL

1 of 2

United States District Court
Office of the Clerk
Northern District of Texas
501 West Tenth St., Room 310
Fort Worth, Texas 76102