# EXHIBIT - A

Plaintiff's Motion For TRO

enjoining  Bobby  Lumpkin  and  his  agents

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DANIEL D. DILLARD, | § |
| Plaintiff, | § |
| | § |
| V. | § Civil Action No. 7:19-cv-81-M |
| | § Case No. 22-10791 |
| | § |
| LORIE DAVIS, et al., | § |
| defendants. | § |

PLAINTIFF'S DECLARATION IN SUPPORT OF
MEMORANDUM OF LAW IN SUPPORT OF TRO

Plaintiff Daniel D. Dillard declares:

1. I am the Plaintiff in this case. I make this
declaration in support of my motion for a temporary
restraining order and a Preliminary injunction to
ensure that I receive necessary medical care and due
process; and to enjoin Bobby Lumpkin and/or his
agents from under conditions of confinement that the
Courts have deemed unconstitutional.

2. As set forth in the Plaintiff's Amended Complaint (ECF No. 8b - Incorporated by Reference) in this case, I am being subjected to retaliatory actions from TDCJ-CID Bobby Lumpkin and/or his agents here on the Michael Prison. I was assaulted by prison staff on November 9th, 2023. see Exhibit A

3. During the assault, one of the defendants' agents (Name Unknown - NU) tried to gouge out my left eye, one of them (NU) attacked my genital area, one of them stuck their finger in my anal cavatity, Sergeant ObaBina S. Omaaka participated in the assault and Lieutenant Daniel A. Lakin initiated the assault after I wrote an administrative grievance.

4. TDCJ has a Behavioral Intervention Plan - 2022 - (BIP) and it defines this assault as an aggravated use of force and unnecessary.

5. The BIP demanded that Omaaka and Lakin be

2

removed from the response team because they had previously been hostile towards me for filing administrative grievances concerning their poor work ethic and over-all unprofessionalism. The administrative grievances were never processed by Lakins wife, Mica G. Lakin, who is the Michael Prison Grievance Supervisor-Investigator III. See Exhibit A and B.

6. Before the assault, Lakin, D. screamed that he didnot care about my grievances because his wife was the supervisor and would take care of them. see Exhibits A and B, C.

✗ 7. The BIP specifically states," The use of force to intimidate, coerce, punish, or for the purpose of revenge is prohibited." Daniel A. Lakin has a direct connection to this instant suit by way of defendants' Jimmy Smith, Elbert Holmes, Andrea Lozada, Cody Miller, and the rest of the Allred Prison defendants.

3

8. The BIP specifically states that, "Only pressure point or joint manipulation techniques taught by the Training and Leader Development Division shall be used." It goes on to declare that, "Security Staff shall "Avoid blows to vital areas, such as the 1) Head; 2) Kidney Area; 3) Liver area; or Genital area." The assaultant purposely targeted these areas, especially my head and genital area.

9. Daniel A. Lakin used high concentration CS pepper spray in high volumes, which can be lethal when left on for a long time. I was NOT afforded the opportunity to decontaminate, neither was I allowed a shower until November 14th, 2023... some five days later.

10. I was not afforded a BIP-2 Inmate Participant Statement form was provided to me, and they didnot pass them to other inmate witnesses.

11. After the assault, I was frog marched

4

through the 12 building hallway, handcuffed and shackled. The restraints were so tight that I now have permenanent scars around my wrist and ankles.

12. I was arbitrarily placed on security observation status - "SOS", where my outer clothes including my personal gym shorts were cut off my body.

13. I was placed face down with four officers on my back on a flooded feces covered floor. see Exhibit D.

14. The vision in my left eye is significantly degraded and I have been denied medical treatment even though I specifically vocalized my injuries during the recorded assault.

15. The defendants' agents (Veronica B. Lilly, Vernon B. Mitchell, Jr., and Erik L. Brannan) are currently holding me in a part of the prison where my movement is

5

extremely restricted. I have to endure fires and smoke inhalation daily. The level II and III inmates besides and around me flood the runs with feces and toilet water daily. Prison personnel collectively punish me because one or two other inmates throw feces to get the things TDCJ is suppose to provide such as recreation, showers, food, necessities, etc... Yesterday, January 10, 2023, is just one such day. I was left in shower from 8:17 to 9:30 a.m., while officers refused to do their rounds. See Exhibit E

16. On November 9th, 2023, after the aggravated use of unnecessary force, I left in E-Pod 13 cell. As stated before the cell was smeared top to bottom - wall to wall with human feces, blood and other fluids.

17. I was NOT given any cleaning supplies neither did prison staff allow anyone to clean the cell.

18. The lights were kept on 24-hours a days.

6

19. The air was turned up to freeze to death.

20. The water was turned off and there was s***t stuffed and caked in and around the sink and water faucet.

21. The perforated screen on the door was covered in human waste and I was only given water through the screen with a plastic water bottle that was used on me and the other six human beings (All naked) on 2-row in section 12 building 6-Pod. see Exhibit A.

22. Despite visible open wounds on my face and head, especially around my gouged left eye, I was made to stand in feces water, up to my toes or lay down on the cold steel bunk.

23. I had no way to protect myself from the cold air or cold water so I was forced to pace back and forth through waste water in order to warm myself.

24. The cuts on the bottom of my feet began to

7

to turn colors and extude pus by the third day.

25. I was only fed 1 spoiled baloney and 1 Peanut butter sandwich at meal times. Breakfast, lunch and dinner.

26. I was kept under these conditions for four days.

27. I was NOT given showers/recreation during this time, nor was I given hygiene materials.

28. Since then I have been moved to 12 building F. Pod where level II's and III's are housed even though I am a level one. See Exhibit F

29. This is the Pod where inmate litigator Todrick Morris was hit in the head with a fan motor for his litigation activities, while prison staff looked on and did nothing to prevent the assault.

30. On November 13th, 2023, some of my personal property was brought to me. My property was intentionally soaked in pepper spray and trampled, especially my legal material. see Exhibit G

8

31. My typewriter was totally destroyed and confiscated.

32. 92 of my family pictures were soaked to some degree in pepper spray and coffee. I didnot own any coffee.

33. The remaining property was placed in F-Pod 40-cell with me. The cell was contaminated with feces just like E-Pod 13 cell.

34. I was NOT given cleaning supplies to clean this cell, But every Thursday Michael Prison provides inmates with four bars of green soap for showering. I had to forgo showering to use the soap to clean as best I could. see Exhibit I

35. I am perpetually indigent and I dont have the means to purchase cleaning material from commissary see Exhibit J

36. I still have not received any justification for the use of force, nor have I given these Prison

9

staff any justification to use force against me. The use of force was not a necessary or reasonable part of keeping order.

37. I did file an administrative grievance on this issue. The response was this is NOT a grievable issue. see Exhibit C

Pursuant to §1746, I declare under penalty of perjury that the foregoing is true and correct.

January 11th, 2024

Respectfully submitted,
X Daniel D. Dillard
Daniel D. Dillard #01400285
Mark W. Michael Prison
2664 F.M. 2054
Tennessee Colony, Texas 75886

10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

DANIEL D. DILLARD,                  §
      Plaintiff,                  §

v.                                  §   Civil Action No. 7:14-cv-81-M

                            §   Case No. 22-10791

LORIE DAVIS, et al.,                §
      defendants.                 §

## PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Pursuant to Federal Rule of Civil Procedures 65(b), Plaintiff moves this Court for a Temporary Restraining Order and Preliminary Injunction for the reasons set forth below.

1. Plaintiff has a great likelihood of success on the merits because Prison Officials (defendants') have a legal duty to refrain from using excessive for force and to provide adequate safety. Farmer v. Brennan, 511 U.S. 825, 833 (1994); Hudson v. McMillian, 503 U.S. 1 (1992); Wilkins v. Gaddy, 559 U.S. 34 (2010).

2. There is a substantial threat of irreparable harm if the TRO/injunction is not granted. See Attached Memorandum of Law and Declaration.

3. Plaintiff is enduring continuous and repeated retaliatory acts from defendants' and/or their agents. The defendants will suffer NO harm/injury from putting a stop to these retaliatory acts. See Memorandum of Law.

4. It is always in the public interest for governmental officials, including prison personnel, to obey the Constitution and the law. Protection of Constitutional rights is a compelling public interest.

WHEREFORE, Plaintiff requests that upon consideration of this motion, this court order defendants', their successors, agents, employees and all persons acting in concert with them to provide Dillard with medical

evaluation for his left eye and provide an up-to-date treatment plan, provide plaintiff with adequate safety from defendants' agents (Sergeants Oluyemi Akinode, Daniel B. Munyango, Obadina S. Omoaka, Iannie D. Rutledge, Lieutenant Daniel A. Lakin and Captain Erik L. Brannon), provide Dillard with a basis/justification for continuing his current housing, replacing Dillard's typewriter used for this litigation, and release Plaintiff to General Population status 2 pending the outcome of this litigation.

January 11th, 2024

Respectfully submitted,

X Daniel D. Dillard
Pro Se Plaintiff-Appellee
Daniel D. Dillard #01400385
Mark W. Michael Prison
2664 F.M. 2054
Tennessee Colony, Texas 75886

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

DANIEL D. DILLARD,                    §
            Plaintiff,                §
                                      §
v.                                    §  Civil Action No. 7:19-cv-81-M
                                      §  Case No. 22-10791
                                      §
LORIE DAVIS, et al.,                  §
            defendants.               §

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

### Statement of the Case

This is a civil rights action brought under 42 U.S.C. § 1983 by a Texas prisoner whoe has been subjected to continuous and repeated retaliatory acts by the defendants and/or successors, agents and employees and who is presently being denied appropriate medical care and safety. The Plaintiff seeks a temporary restraining order and preliminary

insunction to ensure that he received proper medical
care and adequate safety.

## Statement of Facts

As stated in the declaration submitted with this
motion, the Plaintiff was assaulted by prison staff
in retaliation to his most recent administrative
grievance activities. (Dec. at §§      ). During the assault,
Plaintiff's left eye was gouged, his genitals were manhandled,
and he was punched/kicked repeatedly while he was on
floor unresistent. (Dec. at §§      ). The defendants'
agents refused Plaintiff immediate medical for his eye,
this denial resulted in a significant degrade in his
vision. (Dec. at §§      ). The defendants' did not provide
him with treatment or with a consultation with a
physican qualified to assess and treat his conditions
(Dec. §§      ). Plaintiff is experiencing continued pain,
stiffness, and severely limited sight in his left eye

2

and cannot see properly. (Dec. at §§      ). The defendants'
and/or their agents have a legal duty to refrain from
using excessive force. (Dec. at §§      ). The defendants'
agents have already informed Plaintiff that this is
NOT a grievable issue. (Dec. at §§      ). Plaintiff has
NO adequate remedy.

## ARGUMENT

### Point 1

## THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

In determining whether a party is entitled to a
temporary restraining order or a preliminary injunction,
courts generally consider several factors: whether the
party will suffer irreparable injury, the "balance of
hardships" between the parties, the likelihood of success
on the merits, and public interest. Each of these factors
favor the grant of this motion.

A. The Plaintiff is Threatened with Irreparable Harm

3

The Plaintiff alleges that he has been denied care for a serious medical need contrary to TDCJs use of Force Plan and is currently being housed arbitrarily under deplorable conditions. Such conduct by prison officials is a clear violation of the Eighth and Fourteenth Amendments. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Hudson v. McMillian, 503 U.S. 1 (1992).

"Excessive Force" by prison guards is cruel and unusual punishment. "Excessive Force" is any physical contact by a guard that is meant to cause harm rather than keep order. Brown v. Lippard, 472 F.3d 384 (5th Cir. 2006) Plaintiff was sexually assaulted, a guard on the team shoved his finger into the Plaintiffs anus, outside the context of an approved body cavity search.

These retaliatory acts have been repeated over 5 and ½ (five and one half) years. As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. Elrod v. Burns, 427 U.S. 347,

4

373 (1976); Calhoun v. Hargone, 312 F.3d 730 (5th Cir. 2002).

Harm is irreparable "if it cannot be undone through

monetary remedies." Dennis Melancon Inc. v. City of New

Orleans, 703 F.3d 262, 279 (5th Cir. 2012). The significant

degrade in Plaintiff's vision cannot be undone by

monetary remedies. The "Elrod v. Burns" principle has

been applied in prison litigation. Turner v. Collier, 2022

U.S. Dist. LEXIS 179663

   In addition, the Plaintiff is threatened with

irreparable harm because of the nature of his injury,

a goused eye with a significant degrade in his vision and

function, and continuous retaliatory acts to impede the

instant litigation. If he does not receive proper

treatment and adequate safety, he may never regain his

vision and more than likely will suffer further

intimidation in connection with this litigation.

B. The Balance of Hardships Favors Plaintiff.

5

In deciding whether to grant TRO's and preliminary
injunctions, courts ask whether the suffering of the
moving party if the motion is denied will outweigh the
suffering of the non-moving party if the motion is
granted. see e.g., Mitchell v. Cuomo, 748 F.2d 804, 808
(2nd Cir, 1984); Mi Familia Vota v. Abbott, 497 F.Supp.3d
195 (5th Cir, 2020); Tex. Democratic Party v. Abbott, 461
F.Supp.3d 406 (5th Cir, 2020); Murillo v. Musegades, 809
F.Supp 487 (5th Cir, 1992).

In this case, the present suffering of the Plaintiff and
his potential suffering if he permanently loses the
normal use of his left eye and sight are enormous.
The "sufferings" the defendants' will experience if the
court grants the order will consist of taking the
Plaintiff to the prisons medical department and
providing adequate safety and release to general
population — something that the defendants' do, and

6

are obligated to do, for members of the prison population on a daily basis. The defendants' hardship amounts to no more than business as usual.

C. The Plaintiff is Likely to Succeed on the Merits.

The Plaintiff has a great likelihood of success on the merits. Since October 8th, 2018 defendants' and/or their agents have trampled upon Plaintiffs' First, Eighth and Fourteenth Amendment rights. Most recently on November 9th, 2023, the defendants' agents severely escalated their retaliatory acts to a full blown unprovoked attack on the Plaintiffs' person. The assault resulted in the Plaintiffs' eye being gouged and a significant degrade in his vision, one of the assaultant sexually assaulted Dillard by sticking their finger in his anal cavity and squeezing his genitals. Since the assault Dillard has been denied medical attention for injuries. On the same day, defendants' destroyed Plaintiff

typewriter that Plaintiff was using for this litigation.
Plaintiff has requested to consult the medical
department but was denied. (see Exhibits in Declaration).
In a very important Supreme Court case called Hudson v.
McMillian, 503 U.S. 1 (1992), the Court found a violation
of the Eighth Amendment when prison officials punched
and kicked a prisoner, leaving him with minor bruises,
swelling of his face and mouth, and loose teeth. Wilkins
v. Gaddy, 559 U.S. 34 (2010); Jones v. TDCJ, 880 F.3d 756
(5th Cir. 2018). In doing so, defendants' have acted with
deliberate indifference to substantial risks of serious
harm; in violation of Plaintiffs' rights under the
Eighth Amendment. Taking the Plaintiff's allegations
as true, he has shown a sufficient likelihood of
success on the merits.

D. The Relief Sought Will Serve the Public Interest.

The Public interest will not be disserved by a grant of

8

this motion. To the contrary, the Public interest will be well served by Protecting the constitutional rights of all its citizens.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion in its entirety.

January 11, 2024

Respectfully submitted,

x Daniel D. Dillard

Pro Se Plaintiff - Apeelee
Daniel D. Dillard # 01400285
Mark W. Michael Prison
2664 F.M. 2054
Tennessee Colony, Texas 75888

## CERTIFICATE OF SERVICE

I, Daniel D. Dillard, Plaintiff, do hereby declare that a true and correct copy of the foregoing is being placed in the prison mailbox, indigent mail, on January 11, 2024, addressed to:

Christopher Lee Lindsey

9

Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711

X Daniel D. Dillard
Pro Se  Plaintiff-Appellee
Daniel D. Dillard #01900285
January 11, 2024

10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

DANIEL D. DILLARD,                  §
              Plaintiff,            §
                                    §
v.                                  §  Civil Action No. 7:19-cv-81-M
                                    §  Case No. 22-10791
                                    §
LORIE DAVIS, et al.,                §
              defendants.           §

ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING
ORDER - CIVIL ACTION NO. 7:19-cv-081-M

Upon the complaint, the supporting declarations of Plaintiff,
the supporting declaration of James A. Jackson, the
supporting declaration of Riedie J. Jackson, and the
supporting Exhibits, and the memorandum of law submitted
herewith, it is:

ORDERED that defendant Bobby Lumpkin and/or his agents
show cause in room _____ of the United States Courthouse,
501 West Tenth St., Room 310, Fort Worth, Texas 75886, on
the _____ day of _____, 2023, at _____ o'clock,
why a temporary restraining order / preliminary injunction

should not issue pursuant to Rule 65 (a) of the Federal Rules of Civil Procedure enjoining the defendants, their successors in office, agents and employees and all other persons acting in concert and participation with them, from housing Daniel D. Dillard #01400285 under the Restrictive Housing Plan and/or TDCJs Michael Prison and/or under any of the conditions set out in Plaintiff's complaint or Declaration in Support of this motion.

IT IS FURTHER ORDERED that effective immediately and pending the hearing and determination of this order to show cause, defendant Bobby Lumpkin and Veronica B. Lilly (automatically substituted under Fed. R. Civ. P. 25) and each of their officers, agents, employers, and all persons acting in concert or participation with them, are restrained / enjoined from implementing and enforcing the S.O.S. Policy, from housing Dillard in RH pending the disposition

of this case, and from depriving Dillard of his personal property specifically his legal work and books.

---

United States District Judge

January ——————, 2023

3