IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANIEL D. DILLARD, #1400285 | § | |
| VS. | § | CIVIL ACTION NO. 6:24cv023 |
| SERGEANT OLUYEMI AKINODE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

  Plaintiff Daniel D. Dillard, a prisoner confined in the Texas Department of Criminal Justice, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

  Plaintiff filed his original pleading, a Motion for Temporary Restraining Order, on or about January 23, 2024, in the Northern District of Texas. Plaintiff did not submit a filing fee or an application to proceed *in forma pauperis* with his Motion. On the same day, the Northern District of Texas transferred Plaintiff's cause of action to the Eastern District of Texas, Tyler Division.

  On January 30, 2024, this court issued a Deficiency Order (Dkt. #6). The court ordered Plaintiff to submit either the $405.00 filing fee or file a completed application to proceed *in forma pauperis* and a properly certified *in forma pauperis* data sheet within thirty days from the receipt of the order. Plaintiff was warned that the lawsuit may be dismissed if he did not comply with the order.

The court received an acknowledgment from Plaintiff indicating that he received the Deficiency Order on February 6, 2024. (Dkt. #7). Plaintiff has not paid the filing fee or submitted an application to proceed *in forma pauperis*, or the requisite *in forma pauperis* data sheet. Plaintiff has not requested an extension of time to comply with the court's order. He has not complied with the order of the Court.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); FED. R. CIV. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980). Plaintiff has not complied with the court's order; thus, the lawsuit should be dismissed.

## Recommendation

It is therefore recommended that the complaint be dismissed without prejudice for want of prosecution and failure to obey an order. FED. R. CIV. P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy

shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 8th day of July, 2024.**

*/s/ John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE